UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSHUA WOODBURY,  )<br>  )<br>    Plaintiff  )<br>  )<br>v.  )<br>  )<br>CORRECTIONS, MAINE DEPARTMENT,  )<br>et al.,  )<br>  )<br>    Defendants  ) | Civil No. 9-463-B-W |

ORDER GRANTING MOTION TO AMEND AND
DENYING MOTION TO STAY

    Joshua Woodbury commenced this civil suit on September 23, 2009. On September 24, 2009, I entered an order granting Woodbury's motion to proceed in forma pauperis and gave him until October 23, 2009, to inform the court whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time. On October 5, 2009, Woodbury filed a motion to amend the complaint and a motion to stay the litigation. I now grant the motion to amend (Doc. No. 4). See Fed. R. Civ. P. 15(a)(1). If plaintiff wants to file a new, comprehensive amended complaint in this action he is free to do so. The additional parties will not be added as defendants until a comprehensive amended complaint is filed (one document with all claims).

    In the motion to stay Woodbury indicates that he would like the action stayed for three months so that he can exhaust his administrative remedies. He also indicates that he filed this motion out of a concern that if he goes forward at this point with his current action he will see it dismissed due to his non-exhaustion and then have to re-file his complaint once he has complied with the administrative exhaustion requirement. He clearly indicates that he is concerned that this will lead to his responsibility to pay two filing fees.

I now deny Woodbury's motion to stay (Doc. No. 5).  Because Woodbury has not yet notified the court of his intent to incur the cost of filing this suit, per my September 24, 2009, order, he can dismiss the amended complaint without prejudice and without incurring any expense.  He will then be in a position to re-file his complaint once he is satisfied that he can meet any exhaustion requirements his claim(s) require.  It is entirely his choice whether he wants to proceed with the current amended complaint and risk a motion to dismiss for failure to properly exhaust his claims.  <u>See</u>, <u>e.g.</u> <u>Booth v. Churner</u>, 532 U.S. 731, 733-34 (2001) ("The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e(a), which now requires a prisoner to exhaust 'such administrative remedies as are available' <u>before</u> suing over prison conditions.")(emphasis added).[1]

Accordingly, I now give Woodbury until October 30, 2009, to comply with my September 24, 2009, order and inform the court whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time.

*So Ordered.*
October 7, 2009                                    /s/ Margaret J. Kravchuk
                                                   U.S. Magistrate Judge

---

[1] Woodbury mentions the Federal Tort Claims Act in his motion to stay.  By citing <u>Booth</u> I am by no means limiting Woodbury to claims brought pursuant to 42 U.S.C. § 1983 or suggesting that § 1997e(a) is the only possible exhaustion requirement to which his claim(s) might be subject.